# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMEY R. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-109-DRH |
| | ) |
| BARBARA UNFRIED, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, formerly an inmate in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

### INTERFERENCE WITH RELIGIOUS PRACTICE

Plaintiff states that prior to the Ramadan period in September 2007, he made numerous requests to Defendants Gulash, Hertz, Lakin, Hollenbeck and Unfried for accommodations to observe the fast. He also specifically requested of Unfried and Gulash that his medications be delivered in the evening so as not to interfere with his fast. Finally, despite assurances from Defendants Fritschle and Yelm in 2006 that they would ensure proper accommodations for him in 2007, Plaintiff alleges that they "refused to get involved."

Incarcerated individuals retain the right to exercise their religious beliefs. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A prison regulation that infringes on inmates' Constitutional rights is valid "only if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). However, this does not mean that "these rights are not subject to restrictions and limitations." *Bell v. Wolfish,* 441 U.S. 520, 545 (1979). Prisoners do not "retain the same freedom

to exercise their religion as they would in the world outside the prison, [but] they may not be denied basic rights of conscience." *Thompson v. Commonwealth of Ky.,* 712 F.2d 1078, 1081 (6th Cir. 1983). A prison "need make only reasonable efforts to afford the inmates an opportunity to practice their faith." *Al-Alamin v. Gramley,* 926 F.2d 680, 687 (7th Cir. 1991). "In providing this opportunity, the efforts of prison administrators, when assessed in their totality, must be evenhanded." *Id.* at 686. "[W]hether inmates were deprived of 'all means of expression' [is] an important consideration in measuring the reasonableness" of the interference with free exercise. *Woods v. O'Leary,* 890 F.2d 883, 887 (7th Cir. 1989) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 352 (1987)).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss any portion of this claim at this time. *See* 28 U.S.C. § 1915A.

**DENIAL OF DENTAL TREATMENT**

Before his arrival at Madison County Jail, Plaintiff lost a filling from one of wisdom teeth. He was scheduled to have the filling replaced at Stateville, but was remanded to Madison County prior to his appointment. For over a year, Plaintiff made persistent requests to Defendants Unfried, Gulash, Hertz, Lakin, Hollenbeck, Lakin, Major, Lavendar, Fritschle, Blankenship and Yelm to have the filling replaced, only to have those requests put off. He was then told that the only treatment available would be a tooth extraction, and eventually he agreed just to get relief from the pain. However, he still did not receive dental attention, and the tooth now has become fragmented, cutting into his gums and mouth lining when he eats or speaks. He now claims that each of these Defendants has acted with deliberate indifference in refusing to provide him with dental treatment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating

> treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). *See also Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (dental care is "one of the most important medical needs of inmates").

Applying these standards to the allegations in the complaint, the Court is unable to dismiss any portion of this claim at this time. *See* 28 U.S.C. § 1915A.

**DISPOSITION**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for **each named Defendant**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on **each named Defendant** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility

to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Madison County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for purposes of supervising discovery issues, with dispositive motions and motions for appointment of counsel to be handled by the undersigned district judge.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   January 29, 2009.**

                                        /s/    DavidRHerndon
                                   **CHIEF JUDGE**
                                   **UNITED STATES DISTRICT COURT**