# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JERAMEY R. BROWN**,

**Plaintiff,**

**v.**

**BARBARA UNFRIED,**
**et al.,**

**Defendants.**                                          **No. 08-0109-DRH**

## <u>MEMORANDUM and ORDER</u>

**HERNDON, Chief Judge:**

### I.  <u>Introduction, Procedural History and Background</u>

Pending before the Court is Defendants' motion to strike (Doc. 19).
Plaintiff filed a response (Doc. 24).  Based on the following, the Court **DENIES** the
motion.

Plaintiff, an inmate in the Menard Correctional Center, filed his complaint
in this action on February 12, 2008, pursuant to 42 U.S.C. § 1983, alleging violations
of his constitutional rights.  Both counts of the complaint survived the Court's threshold
review:  Count 1 against Defendants Gulash, Hertz, Lakin, Hollenbeck, Unfried,
Fritschle, and Yelm for failing to accommodate his religious observance of Ramadan;
and Count 2 against Defendants Unfried, Gulash, Hertz, Lakin, Hollenbeck, Major,
Lavendar, Fritschle, Blankenship, and Yelm for denial of dental treatment (Doc. 8).

On April 2, 2009, Defendants Unfried, Hertz, Blankenship, Hollenbeck,

Gulash, Major, Lavendar, Lakin, Madison County Sheriff's Department, and the County of Madison, Illinois, filed a motion strike Count 1 from the complaint (Doc. 19), arguing that Plaintiff raised the same claim in a previously-filed action, ***Brown v. Hertz*, Case No. 07-cv-117-GPM-PMF (S.D. Illinois, filed February 12, 2007)**. In response, Plaintiff argues that the claims are different. In ***Brown v. Hertz***, he raised a claim of unconstitutional retaliation for filing a prior lawsuit, and here he raises a substantive claim of denial of his right to practice his religion (Doc. 24). Defendants filed a reply (Doc. 32).

### *Brown v. Hertz*

In February 2007, Plaintiff filed a complaint in this Court claiming that employees of the Madison County Jail had retaliated against him, in violation of his First Amendment rights, due to a previously-filed lawsuit against jail officials, ***Brown v. Madison County*, Case No. 04-cv-824-MJR (S.D. Ill., filed Oct. 1, 2004)**. Plaintiff's recitation of the facts in the complaint begins with the heading, "Count One: Retaliation" (Doc. 1, p. 7). The subsequent paragraphs detail the alleged acts of retaliation, which include, mishandling of mail, intentionally slamming doors outside of his cell while he was sleeping, denying meals, tampering with medications, cutting off water to his cell, refusing to provide adequate cooling in the summer and heating in the winter, and denying him his right to fast during Ramadan (Doc. 1, pp. 7-10). Plaintiff states:

> Defendants Besson, Fritschle, Hertz, Gulash, Gilbert, Fischer, and Lakin denied Plaintiff his right to fast for Ramadan by either claiming fasting is a privilege not a right or by stating jail and D.O.C. records show Plaintiff

as being Christian, which is not true, after all Plaintiff is receiving a pork free diet due to being a Muslim, which is well documented.

Plaintiff has been directly informed by Defendants Gulash and Hollenbeck that he should never have filed his civil complaint. That things could have been different.

These actions are cruel and malicious and combined are designed to harass and torment the Plaintiff due to him seeking redress through the courts for past constitutional violations orchestrated and performed by said Defendants.

(Doc. 1, p. 10). In its threshold review, the Court construed Plaintiff's complaint to state one claim for retaliation for filing the 2004 lawsuit (Doc. 11).

### *Brown v. Unfried*

In February 2008, Plaintiff filed his complaint in this action, alleging that officials at the Madison County Jail refused to make accommodations to allow him to observe the Islamic holy month of Ramadan in September 2007, and refused to provide him with proper dental care. The heading introducing the first claim reads, "Claim 1. Freedom to Practice Religion; Due Process" (Doc. 1, p. 8). Plaintiff then describes that he complained about not receiving any accomodations during Ramadan in 2006. As a result, Defendants Fritschle and Yelm, from the Illinois Office of Jail Standards, investigated his claims and promised him that he would receive accommodations for Ramadan in September 2007. Thus, prior to September 2007, Plaintiff asked to have his medication delivered to him after sunset, his breakfast served before dawn, and dinner served after dusk, so that he could observe a daytime fast. These requests were denied. Plaintiff claims that the denial of the requested accommodations violated his

First Amendment right to exercise his religion and his rights under the Due Process

Clause (Doc. 1, pp. 8-9). He states:

> Defendants Unfried, Hertz, Hollenbeck, Gulash, Lakin, Fritschle, and Yelm
> are liable in their individual and/or official capacities violated Plaintiffs
> rights to religious exercise by hindering his observance of the fast of
> Ramadan. Further, the violation of Plaintiff's right was done maliciously
> out of the Defendants' disdain for the Plaintiff. This as well is a violation
> of Plaintiff's due process rights. These violations was and is a policy and
> custom of the Madison County Jail and the Office of Jail Standards Unit.

(Doc. 1, p. 9). At threshold review, the Court construed these facts to state a claim of

interference with religious practices (Doc. 8).

## II. <u>Motion to Strike</u>

The Court may order stricken from any pleading any insufficient defense

or any redundant, immaterial, impertinent, or scandalous matter. **FED. R. CIV. P. 12(f);**

**Delta Consulting Group, Inc. v. R. Randle Const., Inc.**, 554 F.3d 1133, 1141 (7th

**Cir. 2009)**. Motions to strike are generally disfavored, however, and will generally be

denied unless the portion of the pleading at issue is prejudicial. **Heller v. Fin., Inc.**

**v. Midwhey Powder Co.**, 883 F.2d 1286, 1294 (7th Cir. 1989); **Tektel, Inc. v.**

**Maier**, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992) (**"Motions to strike under Federal**

**Rule 12(f) are not favored, and are usually denied unless the language in the**

**pleading has no possible relation to the controversy and is clearly prejudicial."**).

Prejudice results, for instance, where the challenged allegation has the effect of

confusing the issues or is so lengthy and complex that it places an undue burden on the

responding party. **Cumis Ins. Soc., Inc. v. Peters**, 983 F.Supp. 787, 798 (N.D. Ill.

**1997)**.  The determination whether to strike material under Rule 12(f) is within the discretion of the trial court.  ***Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992)**.

### III.  <u>Analysis</u>

Plaintiff's complaint in ***Brown v. Hertz*** raises one claim for unconstitutional retaliation against him by Madison County Jail officials for the filing of ***Brown v. Madison County***.  The complaint details a number of actions taken against Plaintiff by Defendants in retaliation for the lawsuit, one of which was the denial of requests to accommodate his Ramadan fast.  The Court construed the complaint in ***Brown v. Hertz*** as stating only one claim for retaliation.  Subsequent filings by Plaintiff in ***Brown v. Hertz*** support the Court's interpretation.  On February 6, 2009, Plaintiff filed Plaintiff's Response to Defendants Answer, in which he stated "Plaintiff makes just one substantive claim–he asserts that all of the Defendants' actions have occurred as a vast conspiracy of retaliation against him for his 2004 lawsuit" (Doc. 38, p. 2).

By contrast, the complaint in ***Brown v. Unfried*** states two claims, the first for violation of his right to practice his religion, and the second for denial of dental care. In its threshold review, the Court determined that these were the only two claims stated in the complaint.  Plaintiff does not mention retaliation in the statement of the free exercise claim.  Thus, it appears that Plaintiff intended to raise only the substantive issue of the violation of his right to practice his religion.

Based upon its review of the complaints and subsequent orders, the Court

believes that the two complaints contain separate claims, for retaliation in ***Brown v. Hertz***, and for violation of the right to practice his religion in ***Brown v. Unfried***. A number of facts supporting the retaliation claim, regarding the mishandling of mail, for example, are not relevant to the denial of the right to practice religion. Further, the Court in ***Brown v. Hertz*** will not be required to address the legal merits of the free exercise claim in dealing with the retaliation claim, and the Court in ***Brown v. Unfried*** will not be required to address the issue of retaliation in analyzing the denial of the right to practice religion. Thus, the Court finds that the two claims are not redundant as contemplated in Rule 12(f). Furthermore, Defendants make no argument that they would be prejudiced if required to continue to litigate the claim. As a practical matter, even if the Court struck the free exercise claim, Defendants would not be relieved of the burden of litigating two actions.

### IV.  Conclusion

Accordingly, the Court **DENIES** Defendants' Motion to Strike (Doc. 19)

**IT IS SO ORDERED.**

Signed this 27th day of July, 2009.


/s/        *David R Herndon*
**Chief Judge**
**United States District Court**