IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERAMEY R. BROWN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BARBARA UNFRIED, )<br>)<br>    Defendant. ) | Case No. 3:08-cv-109 DRH |

**ORDER**

Currently pending before the Court are motions for summary judgment filed by Defendants Blankenship, Gulash, Hertz, Hollenbeck, Lakin, Lavendar, Major, Unfried, Madison County, and Madison County Sheriff's Department on December 14, 2009 (Doc. 43), and by Dianne Fritschle on January 7, 2010 (Doc. 48). Plaintiff's responses to these motions were due January 19 and February 9, 2010. To date, the Court has received no responses to the motions for summary judgment.

On February 17, 2010, Plaintiff filed a Motion for Leave to Supplement Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 53) which pertained to this case and two others pending before other judges in this district. In the motion, Plaintiff indicates he previously filed responses to the two motions for summary judgment pending in this case and asks the Court to allow him to supplement those responses with additional exhibits filed with the motion.

On February 26, 2010, Plaintiff filed a Notice to Court of Filing His Response to Defendants' Motion for Summary Judgment (Doc. 55). Plaintiff stated that on February 7, 2010, he placed responses to the two motions for summary judgment and a motion to compel in the outgoing institutional mail at Menard Correctional Center, where he is incarcerated. In the same envelope was a response to a motion for summary judgment in another case he is prosecuting in this district,

*Brown v. Hertz*, Case No. 07-cv-117-GPM. Plaintiff indicated that on February 12, 2010, he received notification from the Court that the responses to the motions for summary judgment were not received by the Clerk's Office. On February 19, 2010, he received an order in *Brown v. Hertz* construing two affidavits the Court received as his response to the motion for summary judgment in that case, which led him to conclude that his actual responses placed in the Menard institutional mail on February 7 were not received by the Clerk's Office.

Plaintiff now asks the Court to consider original documents submitted in *Brown v. Hertz* showing that on February 8, 2010, a package weighing three pounds, two ounces was mailed to the United States District Court in East St. Louis (*see Brown v. Hertz*, Doc. 94, p. 9, Offender Authorization for Payment).

Plaintiff requests that the Court "be on notice that he did mail out in a timely fashion" responses to the two motions for summary judgment pending in this case.[1] He also asks that the Court provide him copies of each of his filings in the case.

## ANALYSIS

Based upon the Court's review of the documents submitted in *Brown v. Hertz*, it does appear that Plaintiff submitted an "Offender Authorization for Payment" form for legal mail to be sent to the Court. The form is dated February 4, 2010. A stamp on the document reads "Legal Mail mailed

---

[1] As indicated above, Plaintiff's response to the motion for summary judgment (Doc. 43) was due on January 19, 2010. Plaintiff admits he did not send a response until February 8, 2010. He contends in the Motion for Leave to Supplement Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 53), however, that defendants did not give him notice of when his response was due or notice regarding the consequences of failing to file a motion for summary judgment. Plaintiff, no doubt, is referring to the notice required under *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), which defendants did not file with the motion for summary judgment filed December 14, 2009, but Defendant Fritschle filed on January 7, 2010.

out Feb 08 2010." This document supports the contention that Plaintiff sent something to the Court on February 8, 2010. It does not indicate, however, what was mailed. Thus the Court cannot determine whether or not the documents mailed were responses to the motions for summary judgment.

After the Plaintiff places his documents in the outgoing prison mail, he no longer has control over what happens to them. For this reason, the Court is willing to give Plaintiff the benefit of the doubt that the responses were lost in transit. Unfortunately, the Court cannot proceed to rule on the motions for summary judgment without having reviewed the Plaintiff's responses.

Accordingly, the Court **GRANTS** Plaintiff an additional 30 days to refile responses to the motions for summary judgment (Docs. 43 and 48). Plaintiff shall file his responses by **April 7, 2010**.

The Clerk is **DIRECTED** to provide Plaintiff with copies of each filing he has made in the action without charging him for the copies.

Plaintiff's Motion to Supplement Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 53) is **GRANTED.**

**DATED: March 5, 2010**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**